GREGORY W. SMITH (SBN 134385)
DIANA WANG WELLS (SBN 284215)
LEILA K. AL FAIZ (SBN 284309)
**LAW OFFICES OF GREGORY W. SMITH, LLP**
9100 Wilshire Boulevard, Suite 725E
Beverly Hills, California 90212
Telephone:   (310) 777-7894
Telecopier:   (310) 777-7895

Attorneys for Plaintiff
CAREN CARL MANDOYAN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAREN CARL MANDOYAN,<br><br>      Plaintiff,<br><br>  vs.<br><br>COUNTY OF LOS ANGELES,<br><br>      Defendant. | CASE NO.<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES** |

## INTRODUCTION

1. This is an action for relief from Defendant's violations of Plaintiff's workplace rights. Plaintiff was returned to work as a Los Angeles County Sheriff's Deputy by the Los Angeles County Sheriff's Department and performed his duties as such until he was removed from his position pursuant to a temporary injunction issued by the Los Angeles County Superior Court. Plaintiff seeks pay for the time he actually worked as a Deputy Sheriff.

Plaintiff is also about to file an appeal based upon the Superior Court's action in granting a permanent injunction against Plaintiff for issues that are not relevant to this lawsuit. Defendant violated both federal and state wage and hour laws.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1337, and Section 16(b) of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq*.

3.  This Court has supplemental jurisdiction over the related state law and local ordinance claims pursuant to 28 U.S.C. § 1367(a) because Plaintiff's claims under the California *Labor Code* form part of the same case or controversy under Article III of the United States Constitution. Plaintiff's state law claims share all common operative facts with his federal law claims, and the parties are identical. Resolving all state and federal claims in a single action serves the interests of judicial economy, convenience, and fairness to the parties.

4.  Pursuant to 28 U.S.C. § 1391(b) and Civil Local Rule 3-2(d), venue is proper in the Central District of California because Plaintiff resides in this District, Defendant resides in and employed Plaintiff in this District, and the unlawful employment practices alleged herein giving rise to Plaintiff's

claims occurred in this District.

## NATURE OF THIS ACTION

5. This is an action brought pursuant to the FLSA and California *Labor Code*, to obtain relief for wage and law violations against Plaintiff.

## PARTIES

6. Plaintiff Caren Carl Mandoyan is a current resident of Los Angeles County, California. He performed duties as a Deputy Sheriff from on or about February 28, 2019 to August 9, 2019, and was at all relevant times acted in the capacity of an employee as defined by federal law.

7. Defendant County of Los Angeles is a public entity formed under the laws and Constitution of the State of California and was at all relevant times the employer of Plaintiff.

## STATEMENT OF THE FACTS

8. Plaintiff was employed as a Deputy Sheriff with the Los Angeles County Sheriff's Department until his termination on September 14, 2016. On December 28, 2018, after discovering irregularities involving the termination of Mandoyan, the Sheriff's Department rehired Mandoyan and changed his discipline from a termination to a 10-day suspension.

9. Los Angeles County Board of Supervisors, Mark Ridley Thomas and Sheila Kuhl and other Los Angeles County employees, in an attempt to embarrass the newly elected Sheriff, made highly charged and negative public comments about Mandoyan's rehire. Select confidential records

concerning Mandoyan were released to the media in an attempt to smear the newly elected Sheriff. As a result, there was a public perception, albeit a false one, that Mandoyan had physically attacked his previous girlfriend. Later, the Sheriff's Department discovered that a witness gave a recorded statement to the Department in 2016 that would have cleared Mandoyan's name. The witness stated that the alleged abused girlfriend had told her that Mandoyan had never touched her. Mandoyan and his attorney were never made aware of this taped interview, and it was subsequently destroyed during the McDonnell administration.

10. In a subsequent investigation during 2019, the Sheriff's Department learned that tapes used against Mandoyan during his Civil Service hearing had been edited. This information was never disclosed during the McDonnell administration. Finally, the Department learned that Manoyan's accuser reported that two deputies raped her while she worked in Twin Towers. She reported the incident to the Long Beach Police Department almost 5 years after the incident allegedly happened. The rape allegation was made when rumors reached the accuser that she was "sleeping" with other deputies. No action was taken by the McDonnell administration although it is highly likely that the LBPD reported the incident to the Sheriff's Department.

11. Despite an abundance of evidence that exculpatory testimony and material was never provided to Mandoyan during or before his Civil Service hearing, a Superior Court Judge ruled that the Sheriff did not have the authority to rehire Mandoyan or enter into a settlement of a civil lawsuit without the authority of County Counsel or the Board of Supervisors. This ruling is about to be appealed.

12. Before the Superior Court granted a temporary restraining order against Mandoyan, he worked in the capacity of a Deputy Sheriff before, but

was not paid for his work. This period of time amounts to aproximately six (6) months.

## **FIRST CLAIM FOR RELIEF**
## **Failure to Pay Minimum Wage**
## **In Violation of FLSA**

13. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

14. The Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq.*, applied to Plaintiff's employment with Defendant at all times relevant herein.

15. Section 206 of the FLSA, 29 U.S.C. § 206(a)(1)(C), mandates that employers pay all employees engaged in commerce or in the production of goods for commerce, minimum wages for their work in an amount set by federal law. Section 218 of the FLSA, 29 U.S.C. § 218(a), provides that employers pay such minimum wages as established by state law, should it be higher than the federal minimum. During the relevant time period, the federal minimum wage was $7.25. Plaintiff was not paid any wages from February 28, 2019 to August 9, 2019.

16. Defendant willfully, intentionally, and with reckless disregard failed to pay Plaintiff the minimum wage for all his hours worked in violation of the FLSA. Because of Defendant's unlawful failure and refusal to pay Plaintiff minimum wages, Plaintiff is entitled, pursuant to § 216(b) of the FLSA, 29 U.S.C. § 216(b), to recover her unpaid minimum wages, including interest and liquidated damages thereon, in amounts to be proven at trial, as well as reasonable attorney's fees and costs.

/ / /
/ / /

## SECOND CLAIM FOR RELIEF

### Waiting Time Penalties

### In Violation of the California Labor Code

17. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

18. The California *Labor Code* applied to Plaintiff's employment with Defendant at all times relevant herein.

19. California *Labor Code* §§ 201 and 202 mandates that an employer pay its employees all earned wages immediately upon discharge or within seventy-two (72) hours of the employee's resignation. California *Labor Code* § 203 authorizes an employee to recover waiting time penalties in an amount equal to the employee's daily wages for up to thirty (30) days if an employer willfully fails to pay any wages earned and due to the employee within the time frames required by *Labor Code* §§ 201 and 202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment against Defendant as follows:

1. Unpaid minimum wages, unpaid wages at Plaintiff's hourly rate, overtime premium wages, and other compensation denied or lost to Plaintiff to date by reason of Defendant's unlawful acts, according to proof;

2. Liquidated damages in an amount equal to minimum wages unlawfully unpaid;

3. Liquidated damages in an amount equal to overtime wages unlawfully unpaid;

4. Waiting time penalties under *Labor Code* § 203 for failure to pay wages due upon separation, according to proof;

5. Interest accrued on Plaintiff's damages, including pre- and post-

judgment interest, and an upward adjustment for inflation, under *Labor Code* § 218.6;

6. Reasonable attorney's fees and costs of suit pursuant to 29 U.S.C. § 216 (b), *Labor Code* § 1194 (a), Cal. Code of Civ. Proc. § 1021.5, and other laws;

Such other and further relief as this Court deems just and proper.

Dated:  February 10, 2021     Respectfully submitted,

LAW OFFICES OF GREGORY W. SMITH, LLP

By:   */s/ Gregory W. Smith*
       GREGORY W. SMITH
       DIANA WANG WELLS
       LEILA K. AL FAIZ
       Attorneys for Plaintiff
       CAREN CARL MANDOYAN

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial as provided by Rule 38 (a) of the Federal Rules of Civil Procedure.

Dated:  February 10, 2021     Respectfully submitted,

LAW OFFICES OF GREGORY W. SMITH, LLP

By:   */s/ Gregory W. Smith*
       GREGORY W. SMITH
       DIANA WANG WELLS
       LEILA K. AL FAIZ
       Attorneys for Plaintiff
       CAREN CARL MANDOYAN

COMPLAINT FOR DAMAGES